<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KEVIN MARMONE, and DAWN MARMONE, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Case No. 3:20-cv-02903-BRM-LHG |
| GERDAU, JOHN DOES I-X, Fictious PERSONS and ABC, INC. I-Z, Fictious Corporations | : : : : : | |
| Defendant. | : : : | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion to Dismiss filed by Defendant Gerdau Ameristeel US, Inc. ("Gerdau" or "Defendant") seeking to dismiss Plaintiffs Kevin Marmone ("Mr. Marmone") and Dawn Marmone's ("Mrs. Marmone") (collectively, "Plaintiffs") Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Plaintiffs oppose the motion. (ECF No. 13.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendant's Motion to Dismiss is **DENIED**.

**I.   BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See*

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter stems from an on-the-job injury suffered by Mr. Marmone allegedly caused by an explosion that occurred at Gerdau's facility on March 18, 2018. (ECF No. 11 at 3 ¶¶ 11, 13.) Gerdau owned and operated a steel manufacturing facility in New Jersey where Mr. Marmone was an employee at the time of the incident. (*Id.* at 1 ¶¶ 1–2; ECF No. 12 at 3.) Mr. Marmone contends the explosion was the result of an intentional wrong committed by Gerdau, which caused "personal injuries . . . result[ing] in pain, suffering, scarring and permanent injuries." (ECF No. 11 at 3 ¶ 13.)

Three days before the explosion a furnace broke down causing molten liquid steel to leak into a manufacturing pit. (*Id.* at 2 ¶ 4.) Mr. Marmone and several co-workers were assigned to "us[e] oxygen lance torches to cut the hardened steel into smaller pieces so they could be removed from the [p]it." (*Id.* at 2 ¶ 5.) However, while completing this work, "water was continuously running . . . into the [p]it where [Mr. Marmone] and other steelworkers were working." (*Id.* at 2 ¶ 6.) Plaintiffs contend the use of oxygen lance torches to cut steel in the presence of running water "created a substantial certainty that an explosion would occur" and injure the steelworkers. (*Id.* at 2 ¶ 7.) Furthermore, Plaintiffs claim managers and other Gerdau employees were aware of the substantial certainty of an explosion, but they made no changes and told employees to keep working. (*Id.* at 3 ¶¶ 9–10.) After the explosion occurred the flow of water into the pit was stopped, and managers finished cutting and removing the remaining hardened steel. (*Id.* at 3 ¶¶ 11–12.) In addition to the alleged personal injuries, Mr. Marmone contends he is now disabled, unable to

perform his usual functions, and he "incurred and will continue to incur expenses for doctors, hospital and other medical treatment for his injuries." (*Id.* at 3 ¶ 14.)

Plaintiffs also asserts a loss of consortium claim. (*Id.* at 5 ¶ 3.) On the date of the accident, and at all other relevant times, Mrs. Marmone was the lawful wife of Mr. Marmone. (*Id.* at 4 ¶ 2.) As a result of the accident Mrs. Marmone has had to pay for hospitals, doctors, and other medical services for her husband and will have to continue to expend money. (*Id.*) She asserts she has been, and will continue to be, "deprived of the services and society of her husband." (*Id.*)

On October 24, 2019 Plaintiffs filed a two-count Complaint against Defendant in the Superior Court of New Jersey, Law Division, Middlesex County asserting claims of an intentional wrong purportedly sufficient to overcome the Workers' Compensation Act's bar to negligence lawsuits. (ECF No 1., Ex. A at 13.) The action was removed to federal court on March 17, 2020 based on diversity jurisdiction. (*See generally* ECF No. 1.) On June 8, 2020 the Court granted without prejudice Defendant's Motion to Dismiss the first Complaint. (ECF No. 10.) On June 19, 2020, Plaintiffs filed their Amended Complaint, and on July 3, 2020, Defendant filed its Motion to Dismiss the Amended Complaint. (ECF No. 11; ECF No. 12.)  On July 17, 2020, Plaintiffs filed their Opposition to Defendant's Motion to Dismiss. (ECF No. 13.) On July 27, 2020, Defendant filed its Reply. (ECF No. 14.)

I.     **LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

3

544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). However, courts are "not compelled to accept 'unsupported conclusions and unwarranted

inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res. Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), nor "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *Burlington*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220).

### II.  DECISION

Defendant's Motion to Dismiss raises two arguments for dismissal of Plaintiffs' claims. First, Defendant contends Plaintiffs' personal injury claim is improperly before this Court because New Jersey's Workers' Compensation Act (the "Act") establishes the sole remedy available to Mr. Marmone against his employer for injuries suffered during the course of his employment and Plaintiffs fail to plead sufficient facts to state a claim that would establish an exception to that exclusive remedy. (ECF No. 12 at 10.) Second, Defendant argues the loss of consortium claim is barred by the Act. (*Id.* at 19.)

#### A.  Personal Injury Claim

Defendant alleges Plaintiffs' Complaint fails to sufficiently state a claim of relief within the exception to the Workers' Compensation Act ("the Act") permitting an employee to sue his or her employer for an intentional wrong. (*See generally* ECF No. 12.)

The Act establishes "a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong." N.J Stat. Ann. § 34:15-8. In general, workplace injuries are exclusively governed by the Act, but exceptions exist such that plaintiffs may bring suit if they can establish the act or omission causing the injury was an intentional wrong. *Fermaintt ex rel. Estate of Lawlor v. McWane, Inc.*, 694 F. Supp. 2d 339, 344 (D.N.J. 2010) ("[A]n employer who engages in an 'intentional wrong' causing the workplace injury or death of an employee is susceptible to common law suit by the employee."). An intentional wrong requires more than "mere knowledge of a risk," but rather knowledge with a "substantial certainty." *Van Dunk v. Reckson Assocs. Realty Corp.*, 45 A.3d 965, 972 (N.J. 2012) (quoting *Millison v. E.I. du Pont de Nemours & Co.*, 501 A.2d 505, 513 (N.J. 1985)).

The New Jersey Supreme Court developed a two-prong test to determine if an act or omission is an intentional wrong. *Id.* The test evaluates both "conduct" and "context." *Id.* First, the Court examines "the employer's conduct in the setting of the particular case" and whether the employer acted with a "substantial certainty" that injury would result. *Id.*; *see also Shorter v. Quality Carrier*, No. 14-cv-4906, 2014 WL 7177330 (D.N.J. Dec. 16, 2014). Second, in assessing context, the Court considers whether "the resulting injury or disease, and the circumstances in which it is inflicted on the worker, may fairly be viewed as a fact of life of industrial employment" or if it is "plainly beyond anything the legislature could have contemplated as entitling the employee to recover only under the Compensation Act." *Van Dunk*, 45 A.3d at 972 (quoting *Millison*, 501 A.2d at 513). In determining what injuries or diseases the legislature contemplated, the New Jersey Supreme Court differentiated between "dangers present in the workplace itself"

6

and the employer's "intentional deception." *Id.* at 980. The former does not qualify for the exception while the latter does. *Id.*

In analyzing the "conduct prong," Plaintiffs identify Defendant's failure to respond to the risk of explosion after being made aware of the danger of using oxygen lances in the presence of running water as its "intentional wrong." (ECF No. 11 ¶¶ 8–11.) Furthermore, Plaintiffs allege Defendant was aware of the substantial certainty an explosion would occur and cause injuries given the convergence of circumstances. (*Id.* ¶¶ 7–9.) Plaintiffs provide support for this assertion by identifying several Gerdau employees who could testify to this knowledge and these events. (*Id.* ¶ 8.) Additionally Plaintiffs assert "through lay and expert testimony" they will be able to show "the explosion and the resulting injuries were a substantial certainty." (ECF No. 13 at 4.) In addressing the "context prong," Plaintiffs plead the explosion and Mr. Marmone's injuries occurred because water was flowing into the pit while they used oxygen lances, and the accident "would not have occurred" if they "shut off the water running into the [p]it." (ECF No. 11 ¶ 17.) Moreover, given the workers' requests, starting on March 15, 2018, "to suspend the steel cutting until the water running into the pit was diverted or shut off," Defendant had multiple days to make a change but did not do so. (ECF No 11. at 2 ¶ 8.)

Based on the above, Plaintiffs adequately plead with enough facial plausibility an intentional wrong to establish an exception to the Act. Plaintiffs sufficiently allege facts to find Defendant acted with a substantial certainty that injury would result, and that the injuries sustained by Mr. Marmone were beyond anything the legislature could have contemplated.

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss the Amended Complaint is **DENIED** as to Count One.

### 2. Loss of Consortium Claim

Defendant moves for the dismissal of the Loss of Consortium claim based on the argument that the personal injury claim is barred by the Act. (ECF No. 12 at 15.)

A wife may bring a consortium claim when her husband is injured by another's wrong because the court views her injuries as separate from those suffered by her husband. *See Ekalo v. Constructive Service Corp. of Am.*, 215 A.2d 1, 7 (N.J. 1965) ("[W]hen a man is injured by another's wrong, separate injuries occur to him and his wife."). For the Court to make an award on a loss of consortium claim a spouse must make a showing "of several factors including a strong emotional reliance on each other, a relationship of long duration, and a high degree of mutual dependence." *Anderson v. A.J. Friedman Supply Co., Inc.*, 3 A.3d 545, 559 (N.J. Super. Ct. App. Div. 2010) (citing *Dunphy v. Gregor*, 642 A.2d 372, 378 (N.J. 1994)). If a personal injury claim is governed exclusively by the Act, then a spouse is barred from raising any consortium claims. *Shorter v. Quality Carrier*, No. 14-cv-4906, 2014 WL 7177330 (D.N.J. Dec. 16, 2014) (citing *Danek v. Hommer*, 87 A.2d 5, 7 (1952)).

Plaintiffs contend they are, and at all relevant times have been, lawfully married. (ECF No. 11 at 4 ¶ 2.)  Here the personal injury claim is not barred by the Act, so the loss of consortium claim is likewise not barred by the Act. Furthermore, Plaintiffs assert Mrs. Marmone "was [and will continue to be] deprived of the services and society of her husband" as a result of his injuries, and she has and will continue to expend money "for the payment of hospitals, doctors, and other medical services for her husband." (*Id.* at 5 ¶ 3.) Therefore, Plaintiffs plead sufficient facts to demonstrate their emotional reliance and mutual dependence.

Accordingly, for the reasons stated above, Defendant's Motion to Dismiss the Amended Complaint is **DENIED** as to Count Two.

**IV.     CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss the Amended Complaint is **DENIED.** The Court will enter an appropriate Order.


Date: February 26, 2021                         */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**